IN THE UNITED STATES DISTRICT COURT FOR THE
CHICAGO EASTERN DIVISION
NORTHERN DISTRICT OF ILLINOIS

RICKEY ROBINSON-EL, et al.    )  CASE No    **07CV6412**
                                            **JUDGE KENDALL**
Petitioners/Plaintiffs  RECEIVED            **MAG. JUDGE DENLOW**

                        NOV 13 2007
v                       NOV 13 2007         ~~ASSIGNED JUDGE~~
                        MICHAEL W. DOBBINS
STATE OF ILLINOIS, et al.  CLERK, U.S. DISTRICT COURT   CLASS ACTION

        Respondents/Defendants  )
                                )        DESIGNATED. MAGISTRATE JUDGE
    ROD BLAGOJERVICH, Governor   )
    BRADLEY TUSK, Deputy Governor )  28 U.S.C.A. §1453(c)(2) and §1711: FRCP Rule 23(a), (b)(2);
                                 )  28 U.S.C. §1391(b)(2) Venue: FRCP Rule 4(c)(2) & (e)(1);
DEPARTMENT OF CORRECTIONS, et al. )  28 U.S.C. §1343(a)(3), §1331 Jurisdiction: 42 U.S.C. §1983;
                                 )  28 U.S.C. §1367(a); 42 U.S.C. §1997b(a)(3); 28 C.F.R. Pt. 40
    ROGER E. WALKER JR, Director  )  42 U.S.C. §1981(c)  Equal Rights under the Law;
    DEANNE BENOS, Assistant Director )  42 U.S.C. §1982    Property Rights Violation(s);
    WILLIAM M. WATTS, Chief Chaplain )  42 U.S.C. §1985 Obstruction of Justice, Intimidation;
    REBECCA FEWS, Assoc. Dir. Programs )  42 U.S.C. §2000e-5(f)(3); §2000cc-2(e); §2000a-3, -5(a)(3);
    MELODY J. FORD, Adm. Review Bd.  )  18 U.S.C. §241, §242, & §245; 42 U.S.C. §1985 & §1986.
    ADRIANNE JOHNSON, Adjustment Cm. )

The Undersigned, Petitioner/Plaintiff, In Propria Persona [non--attorney], enters the Petition for Want of Jurisdiction
    The Petitioner/Plaintiff: Indigenous, U.S. Non-Citizen, American National of the Washitaw Nation of Muurs

## Motion For Leave To Proceed In Forma Pauperis
[§ 804-805 PLRA of 1996, 42 U.S.C. § 2000e –5(f)(3)]

## Submittal Of A Complaint: A Class Action
[28 U.S.C.A. § 1453(c)(2), § 1711 and Fed. R. Civ. P. Rule 23(a), (b)(2)]

                            /S/    *Rickey Robinson-El*
                                Signature of Plaintiff
                            Appearing pro se: 28 U.S.C. § 1654(a)

LISA MADIGAN
Illinois Attorney General       RICKEY ROBINSON-EL #K-82958
Office of the Attorney General  Statesville Correctional Center
500 South Second Street              Rt. 53, P.O. Box 112
Springfield, Illinois 62706 – 0000    Joliet, Illinois [60434–0112]

        July 30, 2007

        COMPLAINT : CLASS ACTION        RICKEY ROBINSON –EL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS          CHICAGO EASTERN DIVISION

## II.    Table Of Contents

## Rickey Robinson–El, et al.  v  State of Illinois, et al.

## Complaint:  A Class Action

|  |  | Page Number |
|---|---|---|
| I. | Cover Sheet |  |
| II. | Table of Contents Sheet | 1. |
| III. | Complaint | 2. |
| IV. | Parties | 3. |
| V. | Jurisdictional Statement | 4. |
| VI. | Plaintiffs' Class: Washitaw Adherents of Ismaili Islam | 5. |
| VII. | IDOC Violations: U.S. Constitution, Treaties and Statutes | 6. |
| VIII. | Cause of Action | 6. |
|  | Count I:    Plaintiffs' Establishment Clause Claim | 7. |
|  | Count II:   Plaintiffs' Conspiracy Claim | 8. |
|  | Count III:  Plaintiffs' Federal Equal Protection Claim | 9. |
|  | Count IV:  Plaintiffs' Federal Free Exercise Claim | 9. |
|  | Count V:   Plaintiffs' Discrimination Claim: | 10. |
| IX. | Challenged IDOC Policies | 11. |
| X. | Standard Of Review | 13. |
| XI. | Argument: | 13. |
|  | A.  IDOC Culpritability | 14. |
|  | B.  Discrimination Based On Nationality and Religion | 15. |
|  | C.  Plaintiffs' Complaint Should Not Be Denied | 15. |
|  | D.  Plaintiffs' Request For Equitable Relief Should Be Granted | 16. |
| XII. | Request For Writ Of Mandamus | 16. |
| XIII. | Request For Writ Of Execution | 16. |
| XIV. | Request For Declaratory Judgment | 17. |
| XV. | Plaintiffs' Class Postscript | 18. |
| XVI. | Appendix To Brief: Exhibits |  |
| XVII. | Certificate Of Service |  |

/S/    *Rickey Robinson–El*
Signature of Plaintiff
Appearing pro se: 28 U.S.C. § 1654(a)

Lisa Madigan
Illinois Attorney General
Office of the Attorney General
500 South Second Street
~~Lansing, Michigan 48909 – 0000~~
*Springfield, Illinois 62706 – 0000*

July 30, 2007

RICKEY ROBINSON–EL  # K-82958
STATESVILLE CORRECTIONAL CENTER
Rt. 53, P.O.  Box 112
JOLIET, ILLINOIS  [60434 – 0112]

AARON D. PINKSTON EL–BEY

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

### III.    Complaint: A Class Action

[01.]   This is a **Class Action** under **Rule 23(a)** and **Rule 23(b)(2)** of the **Federal Rules of Civil Procedure** and pursuant to Title **28** U.S.C.A. § **1453(c)(2)** and § **1711**.    Plaintiff brings this action not only on behalf of himself, but also as representative of all **Others** similarly situated: Illinois **State** prison inmates who are members of the **Washitaw Nation of Muurs**. **Plaintiffs' Class** is so numerous that to joinder of all members is impractical.    The Certification of each Plaintiff for "**relief**" is appropriate under **Rule 23(b)(2)** and the **Prison Litigation Reform Act** of April 26, 1996 [**42** U.S.C.A. § **1997(1)(B)(ii)** and § **1997b(a)(1)(C)**] and the **Religious Land Use and Institutional Persons Act** of September 22, 2000 [**42** U.S.C.A. § **2000cc–2** and § **2000cc–2(a)**].

[02.]   This is a **Civil Rights Action** under the **Civil Rights Act** of July 2, 1964, pursuant to **42** U.S.C.A. § **2000a–1** [**78 Stat 243–244; PL 88–352, Title II**, § **201–202**] for "**discrimination supported by state action**" enforced by **State officials** and **employees** "under color of State law" [**42** U.S.C.A. §§ **2000a(b), (b)(1) & (b)(2)** and **42** U.S.C.A. § **2000a–2**].    The District Court has "**jurisdiction**" pursuant to **42** U.S.C.A. § **2000a–6(a)** [**78 Stat 245; PL 88–352, Title II**, § **207**].

[03.]   Plaintiff's seek **Declaratory Relief** for **First, Fourth, Fifth**, and **Fourteenth Amendment(s)** "**deprivation of rights**" violations: The "**establishment**" clause, "**free exercise of religion**" clause, **right to be secure in personal effects** clause and "**equal protection of the laws**" clause, among others constitutional prohibitions, pursuant to **42** U.S.C. § **2000e–5(f)(3)**, § **2000cc–2(e)**, § **2000a–3** and § **2000a–5(a)(3)**: The "**equal protection of the laws**," pursuant to **28** U.S.C. § **1367(a)** and **42** U.S.C. § **1997b(a)(3)**, as well as **42** U.S.C.A. §§ **1996a(d)(2), (d)(3) & (d)(4)**.

[04.]   Plaintiff's also seek **Injunctive Relief** under **42** U.S.C.A. § **2000a–3** in the form of a "**permanent injunction**," pursuant to **42** U.S.C.A. § **2000a–5(a)(3)**, requiring Defendants to provide "**equal access**" under **42** U.S.C.A. § **2000a(a)** to all public places enjoyed by all other **Illinois State** prison inmates: particularly "**meeting space for religious services**," pursuant to **42** U.S.C.A. § **1997b(a)(1)(A)** with the proviso "**prohibition**" against "**retaliation**" under **42** U.S.C.A. § **1997d**.

## IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

## IV.    Parties

A. **Roger E. Walker Jr.**, Director: Illinois Department of Corrections
1301 Concordia Court, Springfield, Illinois 62794-9277

B. **Sergio Molina**, Executive Assistant: Illinois Department of Corr.
1301 Concordia Court, Springfield, Illinois 62794-9277

C. **Deanne Benos**, Assistant Director: Illinois Department of Corr.
100 West Randolph Street, Suite 4-200, Chicago, IL 60601

D. **William M. Watts**, Chief Chaplin: Illinois Department of Corr.
1301 Concordia Court, Springfield, Illinois 62794-9277

E. **Rebecca Fews**, Associate Director of Programs: IL Dept of Corr.
1301 Concordia Court, Springfield, Illinois 62794-9277

F. **Guy Pierce**, Deputy Director: District 1, Statesville Corr. Ctr.
**151**, Rt. 53, P.O. Box 112, Joliet, Illinois 60434

G. **Steve Wright**, Acting Warden: Hill Correctional Center
**400**, 600 South Linwood Road, P.O. Box 1327, Galesburg, IL 61401

H. **Terry McCann**, Warden: Statesville Correctional Center
**151**, Rt. 53, P.O. Box 112, Joliet, Illinois 60434

I. **Barbara Hurt**, Deputy Director: District 2, Sheridan Corr. Ctr.
**150**, 4017 East 260 3rd Road, Sheridan, Illinois 60551

J. **Eddie Jones**, Warden: Pontiac Correctional Center
**149**, 700 West Lincoln Street, P.O. Box 99, Pontiac, IL 61764

K. **Rick Orr**, Deputy Director: District 3, Executive Office Bldg.
1301 Concordia Court, Springfield, Illinois 62702

L. **Andy Ott**, Acting Warden: Graham Correctional Center
**113**, R.R. #1, Highway 185, P.O. Box 499. Hillsboro, Il 62049

M. **Ronald J. Week**, Deputy Director: District 4, Marion Office
**297**, 2309 West Main Street, Suite 128, Marion, Illinois 62959

N. **Lee Ryker**, Warden: Lawrence Correctional Center
**139**, R.R. 2, Box 36, Sumner, Illinois 62466

O. **Jason Garnett**, Deputy Director: District 5, Marion Office
**297**, 2309 West Main Street, Suite 128, Marion, Illinois 62959

P. **Don Hulick**, Warden: Menard Correctional Center
**146**, 711 Kaskaskia Street, Menard, Illinois 62259

Q. **Roy Bradford**, Warden: Big Muddy Correctional Center
**170**, 251 North Illinois Highway 37, P.O. Box 1000, Ina, IL 62846

R. **Tim Love**, Chaplain: Lawrence Correctional Center
**139**, R.R. 2, Box 36, Sumner, Illinois 62466

S. **George Adamson** and **Charles Peterson**, Chaplains: Statesville Corr.
**151**, Rt. 53, P.O. Box 112, Joliet, Illinois 60434

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

[05.]  **NOW COMES** the Plaintiffs, **Rickey Robinson–El** and **Jason K. Taylor–El**, and **Others** like themselves, appearing by "special appearance" [not general appearance] in their "proper person" [a "natural person"] and within their alien jurisdiction [alieni juria] on the soil [sui juris], who respectfully move this court under **Federal Rules of Civil Procedure**, **Rule 8** and **Rule 7**:

A.  Rule **8(a)(1)** Grounds for Support of the Court's Jurisdiction;

    Rule **8(a)(2)**     Grounds for Entitlement of Relief;

    Rule **8(a)(3)** Demand for Judgment for the Relief sought: in the alternative / different types;

    Rule **7(a)**     Reply To Defendant's Motion For Dismissal;

    Rule **7(b)**     Motion For Judgment On The Pleadings;

    Rule **7(b)(1)**     Application for an Order for Relief;

B.  And for the entry of an **ORDER** granting Plaintiff's **Motion for Leave to Proceed**  under this **Amend Complaint**, pursuant to Title **28** of the **United States Codes Annotated** § 1453(c)(2). Defendants have acted at all times with a willful disregard for the constitutional and statutory rights of the Class of **Illinois State** prison inmates.    Defendants' deliberate practices and policies, where this Class of inmates are concerned, are bias toward deprivation of the rights of **Indigenous/Indian Peoples** or **Non-Resident Aliens**.

## V.    Jurisdictional Statement

[06.]  Plaintiff **Rickey Robinson–El** and **Jason K. Taylor–El**, and all **Others** similarly situated, are, and were, at all material times, citizens of the **Washitaw Nation of Muurs**, a foreign state, and were residents thereof.    As "U.S. non-citizen nationals" of an Indigenous/Indian nation, Plaintiffs are, and were, "domicile" in the **Illinois Republic** [Article **IV**, Section **4**, of the U.S. Constitution]; but at **no** material times were Plaintiffs citizens or residents of the **State of Illinois** [an artificial entity]  or the **United States, Inc.** [resulting from an **Act of Congress** on February 21, 1871 [**16 Stat. 419** (28 U.S.C. §176) **"District of Columbia Organic Act"**] [15 Stat 223–224 (July 27, 1868)].

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

[07.]   The **State of Illinois**, becoming the nation's 21ST state on December 03, 1818, and incorporated as an artificial entity pursuant to an Act of Congress on February 21, 1871 [**16 Stat. 419**], was brought under the political jurisdiction of the United States pursuant to an Act of Congress [The **Buck Act**] on October 9, 1940 [**H.R. 6687**].   The **State of Illinois** is regarded as a "corporation" pursuant to the **Buck Act**: Title **4** U.S.C. §§ **105–113** [Chapter **787, 54 Stat. 1059– 1061**].   A **Proviso**, at Title **4** U.S.C. § **109** [**54 Stat. 1060 § 5**], makes a distention between an organic/natural "state" [and/or "person"] and an incorporated "State" [and/or "persons"] that are either a citizen of the United States or a citizen of a foreign state [aka "Indigenous"/"Indian" entity].   **IDOC** Defendant **Officers** and **Employees** of the **State of Illinois** are, and at all material times were, citizens of the **United States** and residents of the **State of Illinois** for purposes of diversity jurisdiction.   Defendant **Illinois Department of Corrections** ["IDOC"] was, and is, a political subdivisions [agency] of the **State of Illinois**.   At all material times, Defendant **Illinois Department of Corrections**, and **Officers** and **Employees** thereof  are, and were, acting under color of **Illinois** state law.

[08.]   This is a **Civil Action** brought by the Plaintiffs **Rickey Robinson–El** and **Jason K. Taylor–El**, and all **Others** similarly situated, against the **State of Illinois** and the **Illinois Department of Corrections** ["IDOC"].   This **Class Action** is brought against certain **Officers** and/or **Employees** of the **IDOC** under the provisions of Sections **1983** et seq of Title **42** of the United States Codes as well as Section **241** et seq of Title **18** of the United States Codes, pursuant to **Fed. R. Civ. P. Rule 4(d)(6)**.   Prosecution under the above United States statutes would not harm the public interest, given the reasonable likelihood of **Plaintiff's Class** prevailing on its merits.

## VI.    Plaintiffs' Class: Washitaw Adherents of Ismaili Islam

[09.]   **Plaintiff's Class** is a discrete indigenous, insular minority, **Ismaili Moslem** group of the **Islamic Faith**, with all of the traditional heritage and historical culture of the **Muurs** of Spain and Northwest Africa.   The legacy of the **Muurs** stands on a equal par with any other religious groups, such as the: Jews, Hindus, Buddhists, Catholics, Christians, etc.; and particularly other religious groups within the **Islam**, such as the: **Sunni, Shiites, Sufi**, etc..

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

[10.]   Accordingly, all adherents of **Islam** must be allowed: **1.)** The "**religious special diet**" of the **Islamic Faith**: no pork or pork-by-products or a strict vegetarian diet; **2.)**    The **Islamic Ceremonial Attire** with sacred headdress, the **Red Fez**; and as required by the U.S. State Department, Departments of Homeland Security and of the Interior, Bureau of Indian Affairs, **3.)** The **Washitaw Identification Documents** with Photograph wearing sacred headdress, the **Red Fez**; and **4.)**    No Muslim group may claim dominion over the "**religious observance**" of **Ramadan** and the **Friday Jumah Pray** at the close of **Ramadan** [occurring near the 27th day of the Ninth month of the Muslim calendar].    All adherents of **Islam** must have equal access to **Ramadan** and to the **Friday Jumah Pray** in accordance with the tenets of **Islam**.

## VII.      IDOC Violations: U.S. Constitution, Treaties and Statutes

[11.]   The Complaint constitute **IDOC** violations of "federally protected" rights and the refusal of **IDOC** to permit **Washitaw** inmates who are **Ismaili Moslems** to attend "religious services," **Ramadan** and **Friday Jumah Pray:**" violations of the Constitution, treaties and U.S. statutes :

1.  U.S. Land Grant No. **923** of 1802:                Article **IV**, Section 3, Clause 2;
2.  Louisiana Cession Treaty, Articles **III & VI** :     Article **VI**, Section 2 **[8 Stat. 200]**;
3.  U.S. Presidential Directive/Executive Memorandum of April 29, 1994:       Treaty Authority];
4.  Full Faith and Credit clause [Moorish Community]:     Article **IV**, Section 1 **[28 USC §1739]**;
5.  Exception on Indigenous and Religious Proviso:     4 U.S.C. §109; 54 Stat.**1060 §5 1940;**
6.  Citizen of any foreign state, claiming Land Grant:     Article **III**, Section 2, ¶ 1.;
7.  Sovereign American "natural born Citizen:"           Article **II**,  Section 1,  Clause 5;
8.  U.S. Non-Citizen American National:        Section 3, **100** Stat **843**, PL **99–396**, 8 U.S.C. §**1452**.

[12.]   Said violations, under which this suit is authorized,  have their remedy in the **Civil Rights Act** ["CRA"].      Given the particulars of Plaintiff's claim, this civil action proceeds under the **Civil Rights Act** of July 2, 1964, pursuant to **42** U.S.C.A. § **2000a–1 [78 Stat 243–244, PL 88–352, Title II, § 201–202,** as codified at **28** U.S.C. § 1343(a)(3)], **42** U.S.C. § 1983; the **Prison Litigation Reform Act** of April 26, 1996 [**42** U.S.C.A. §1997(1)(B)(ii) & §1997b(a)(1)(C)] and the **Religious Land Use and Institutional Persons Act** of September 22, 2000 [**42** U.S.C.A. §2000cc–2 and §2000cc–2(a)].

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                                   CHICAGO EASTERN DIVISION

[13.]   The district court shall have original jurisdiction of all civil actions in the "**nature of mandamus**," resulting from an **Extraordinary Writ**, to aid the court's original jurisdiction, under **Article III** of the **United States Constitution**; the restriction under the **Amendment Eleven** is waved, pursuant to **42 U.S.C.A. § 2000cc–2(a)**, **42 U.S.C.A. § 2000a–6(a)** and **42 U.S.C.A. § 2000a–3**.    Congress has given district courts the authority to review the actions of a department/agency of **State Governments**.    When necessary, district courts have the power to compel **State Officers** or **Employees** to perform a duty owed to Plaintiffs, pursuant to **42 U.S.C. § 1983**, **18 U.S.C. § 241**, **§ 242**, **& § 245** and under **Fed. R. Civ. P. Rule 4(d)(3)** and **Rule 4(d)(6)**.    Accordingly, a district court may substitute a department/agency in place of the **Defendant State of Illinois** because such "department" or "agency " may be sued in a United States district courts.    See <u>Griffin v Breckenridge</u>, **403 U.S. 88 (1971)**.

## VIII.       Cause Of Action

### Count I.     Plaintiffs' Establishment Clause Claim

[14.]    **Washitaw Ismaili Moslems** are compelled to attend "**religious services**" of non–Indigenous [non-Indian] **Muslim** groups, which is in violation of the First Amendment of the United States Constitution.    This type of coercion violates the "**establishment clause**." Majority religions should not be allowed to impose their beliefs on non–adherents.    **IDOC** "**religious coercion**" is  prohibited under the **Establishment Clause**, which serves to protect religious choice from government coercion.    Whether direct or indirect, **IDOC** "**coercion of religious conformity** is a violation of the **Establishment Clause**.    Mandatory attendance at another's "religious services" and  "religious instructions" violates the **Establishment Clause.**

[15.]    **IDOC** Denial of the  Right of Worship and Religious Observation constitute   a   series violations:    **1.)**   Right to Religious/Indigenous Identification, **IDOC** failure to allow inmate photograph with religious headdress: the **Red Fez**; **2.)**   Right to Practice **Ismaili Islam**, **IDOC** failure to allow **Ismaili Moslems** the right to participate in **Ramadan** and **Friday Jumah Pray**; **3.)**   Right to observe the tenets of **Ismaili Islam**, **IDOC** failure to allow the wearing of the traditional indigenous headdress: "**dreadlocks**."

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                                CHICAGO EASTERN DIVISION

## Count II.      Plaintiffs' Conspiracy Claim

[16.] **Supervisory Officers**, the **Governor, Director of Corrections, Wardens, Chaplains**, including **Administrative Officers**, all employed by the **State of Illinois**, have "**conspired**" to violate "**federally protected rights**" guaranteed under the United States Constitution, pursuant to **42** U.S.C. § **1985(3)** and **42** U.S.C. § **1986**.   **IDOC** failed to establish minimum standards for inclusion for all religious groups who desire to have "**religious services**" and practice the tenets of their religious faith, particularly prison inmates who are members of the **Indigenous Washitaw Nation of Muurs**, pursuant to **42** U.S.C.A. § **1996a (d)(3)** and § **1996a(d)(4)**.

[17.] The purpose for the "**conspiracy**" was to deprive prison inmates who are members of the **Washitaw Nation of Muurs** of their federally protected rights.    The "**conspiracy**" consists of the deprivation of their "**free exercise of religion**," the "**equal protection of the laws**" and their right to retain their **Washitaw Muur Nationality**.      **Plaintiff's Class** continue to be discriminated against, as illustrated by the fact that **Washitaw Muurs** are not allowed to practice the **Ismaili Moslem Faith**.   **Section 1986** of Title **42** imposes liability on any individual who possesses knowledge that "any of the wrongs" proscribed in **Section 1985** that are "about to be committed," yet **IDOC Supervisory Officials** failed to take action to prevent such deprivation, as required under to **42** U.S.C. § **1986**.     **IDOC Defendants**, the **Director** and **Supervisory Officials**, each "**conspired**" among themselves, and with the **Governor**, to injure, oppress, threaten, and intimidate **Plaintiff's Class**.     See <u>United States v Guest</u>, **303** U.S. **745, 86** S. Ct. **1175, 16** L. Ed. 2d. **239.**

[18.] **IDOC Director, Wardens, Chaplains** and other **Supervisory Officers**, acting under color of law, maliciously and willfully denied **Plaintiffs' Class's** "**request**" for equal treatment under the law.      Accordingly, those who deliberately deprive one of their constitutional rights are subject to conviction under federal criminal laws: **18** U.S.C. §**241**, §**242**, & §**245**.      See <u>O'Shea v Littleton</u>, **414** U.S. **488**, at **503; 94** S. Ct. **669**, at **679; 38** L. Ed. 2d. **674 (1974)** and <u>Lyons</u>, **461** U.S. at **113; 103** S. Ct. at **1671 (1983).**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

[19.] Each, in their "**supervisory capacity,**" conspired among themselves to deprive **Plaintiffs' Class** of "**equal protection of the laws.**" The Conspirators committed acts in furtherance of the **conspiracy** which included 1.) the denial of an administrative hearing pertaining to "religious services," 2.) the continuous denial "religious services," and 3.) the ongoing retaliation against Plaintiff's Class. As a result, **Plaintiff's Class** is injured.

## Count III.    Plaintiffs' Federal Equal Protection Claim

[20.] The "**equal protection of the laws**" clause is violated when their is no equal accommodation. Prison inmates who are **Washitaw Moslems** are denied the use "chapel services, " "**Religious Special Diet**" and special accommodation of for "**Religious Holidays**" sacred to adherents of **Ismaili Islam.** They are not allowed to wear their traditional garments, sacred medallions and prayer Beads. They are not allowed to wear their "sash" and red Fez, their "**Crescent**" and "**Circle Seven.**" Such religious items are an intricate part of the attire of adherents of the **Ismaili Moslem Faith.** Most importantly, prison inmates who are **Washitaw Moslems** are not allowed to wear their natural hair in the sacred **Dreadlocks.**

[21.] **IDOC** failure to allow the religious observation of the birth days of key figures of the **Ismaili Moslem Faith** constitute a violation of the **equal protection of the laws** clause. As it is with all other religious faiths, so it is with the **Ismaili Moslem Faith:** There are important people who have contributed over and above all others to the perseverance of God, [Allah], through His Prophets, on Earth.

[22.] Here is a list of the sacred **Holidays of Ismaili Islam:**

1. Washitaw Prophet of Islam: **Noble Drew Ali I,** the Founder
2. Washitaw Prophet of Islam: **Noble Drew Ali II,** the Reincarnate Prophet
3. Washitaw Prophet of Islam: **Allah El,** the Nazarene Reincarnate
4. Washitaw Prophet of Islam: aka the Delaware Prophet **Neolin**
5. Arabic Prophet of Islam: **Mohammed I,** the Founder
6. Turkish Prophet of Islam: **Mohammad II,** the Reincarnate Prophet
7. Ismaili Prophet of Islam: **Mohammed ibn Ismaili,** the Reincarnate Prophet
8. Washitaw Empress: **Verdiacee Tiara,** Head of the Washitaw Sheikdom/Moorish Sultanate

**Celebration Dates**

**January 8**
**August 7**
**June 20**

**Ramadan**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

## COUNT IV.   Plaintiffs' Federal Free Exercise Claim

[23.]  The "**Free exercise of religion** " clause is violated when their is a denial weekly "religious services."   **IDOC** prison inmates who are **Washitaw Moslems** are not allowed to attend "religious services," which is a violation of the First Amendment of the U.S. Constitution. **Ismaili Moslems** are not allowed to practice their **Islamic Faith** on the Sabbath, which is on Fridays in the Islamic tradition.   They are not allowed visiting ministers to perform "**special religious services**," lectures, and **Sunday School** lessons.   They are allowed to meet on meet on Fridays or Sundays when they learn about their history, their religion and their tradition; while other religious groups are given the opportunity to have all of these activities.

## Count V.   Plaintiffs' Discrimination Claim On Religious/Indigenous Grounds

[24.]  In additional  to  Title **42 U.S.C. § 1981(c)**,  for  the  protection  of  "**national origin**" ["nationality"] and "**religion**," and the **"Full Faith and Credit"** clause under Article IV, section I, of the United States Constitution, state and federal governments are required to acknowledgement of the **Washitaw "religious community**," known as the **Moorish Science Temple of America**, incorporated in the **State of Illinois** for the purpose perpetuating the Indigenous traditional **religion** and **nation** of Muurs, given recognition in the several states and the **United States of America** pursuant to Title **28 U.S.C. § 1739**:

A. Plaintiff's "**Nationality**" or "**National Origin**" is protected under **International Law**:
1. Article 15, sections 1 & 2 U.N. Universal Declaration of Human Rights, 1948;
2. 61 Fed. Reg. 68991      U.S. Implementation of International Human Rights Treaties, 1998;
3. Articles 5, 9, 31, 32, & 37 U.N. Declaration on the Rights of Indigenous Peoples, 2006;
4. Articles 14 & 15      ILO Convention No 169 Concerning Indigenous Peoples, 1991;
5. Article 11,       U.N. Int'l Convention on the Elimination, of Racial Discrimination;
6. Article 24, section 3     U.N. Int'l Covenant of Civil and Political Rights, April 2, 1992;
7. Article 20, sections 1, 2 & 3     O.A.S. American Convention of Human Rights, 1978;
8. Articles III & VI     Louisiana Cession Treaty of 1803, **8 Stat 200**, April 30, 1803;
9. Article 52 **[33 UST 883]** U.N. Vienna Convention on the Law of Treaties **[527 USTS 189]**.

B. Plaintiff's "**Religion**" or "**Indigenous/Aboriginal Origin**" is protected under International Law:
1. Article **18**       U.N. Universal Declaration of Human Rights, 1998.
2. Article 6(a), 6(c), 6(e), 6(h)     U.N. Declaration, Elimination, Discrimination, Religion
3. Article 4       U.N. Int'l Covenant of Civil and Political Rights, April 2, 1992.
4. 42 U.S.C. **§1996, 92 Stat. 469, PL 95-341**, section 1;
Protection and Preservation of Traditional Religions of Native Americans Act
Of August 11, 1978, so—called American Indian Religious Freedom Act.

                                                        RICKEY  ROBINSON-EL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

5.  42 U.S.C. §2000bb et seq., 107 Stat. 1488, PL 103-141, subsection (b);
    Religious Freedom Restoration Act of 1993, PL 103-317, Title VI, Section 610
    §2000bb et seq., 108 Stat. 1774, §(a)(4)    "free exercise of religion"
                                        §(a)(6)    "reinstatement of RFRA of 1993"
                                        §(b)        "Prohibition against Harassment"
6.  22 U.S.C. 6401(a)(1) et seq., 112 Stat. 2787–2800, PL 105–292, sections 2 & 3;
    International Religious Freedom Act of October 27, 1998.

C.  U.S. Implementation of Human Rights Treaties, Executive Order 13107: December 10, 1998;
    Section 1. Implementation of Human Rights Obligations, Articles (a) and (b).

D.  Plaintiff's "Non-Resident Alien" and "Foreign Status:" Immigration and Nationality Act of 1952
    As Amended, PL 103-416, 108 Stat 4305;

E.  Conferring "Non-Resident Alien" and "U.S. non-citizen national" status on Indigenous Peoples

    1.  8 U.S.C. §1408, §1502; 15 Stat. 223–224;

    2.  8 U.S.C. §1101(21) & §1101 (22); 54 Stat 1137, §101(a)(3), §101(a)(23), §101(a)(38);
        §301(b), §310 & §311;

    3.  8 U.S.C. §1452, sections 341(a), (b), & (c); 100 Stat 843, August 27, 1986;
        PL 99–396, sections 16(a), (b), & (c).

    4.  See: Wong Kim Ark-Elk v. Wilkins, 112 U.S. 94 (1884)
        Wong Kim Ark-Elk v. United States, 169 U.S. 649 (1898)

# IX.    Challenged IDOC Policies

[25.]  These are the **Challenged IDOC Policies: 1.) IDOC** imposed substantial burden on
Washitaw inmates' religious practice; **2.) IDOC** did not imposed the least restrictive alternatives
to achieve **IDOC's** interest in prison security; and therefore, **3.) IDOC's** Policies are in
violation of the First Amendment of the U.S. Constitution:

[26.]  (a) "Grooming Policy," (b) "Ramadan Religious Practice Policy," (c) "Religious Services
Policy," (d) "Religious Holiday Services Policy," (e) "Religious Garment Policy," and (f)
"Religious Special Diet Policy," each violate the Protection of Religious Exercise in Land Use and by
Institutionalized Persons Act ["PLUIPA"] of September 22, 2000 [42 U.S.C.A. § 2000cc et seq.],
the Prison Litigation Reform Act ["PLRA"] of April 26, 1996 [42 U.S.C.A. § 1997 et seq.] and
the **Protection of Rights of Indians and Indian Tribes Act** of October 6, 1994 [42 U.S.C.A. §
1996a(d) et seq].

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

## X.    Standard Of Review

[27.]  As a result, **Washitaw** inmates who practice **Ismaili Islam** face the possibility of irreparable injury absent the issuance of a preliminary injunction.  The injunction would enjoin **IDOC** Defendants, and all persons acting in concert with them, from implementing the Challenged **IDOC** policies.  See <u>Sammartano v. First Judicial District Court</u>, **303** F. 3d. **959**, at **964–965** (9th Cir. **2002**),  <u>Warsoldier v Woodord</u>, **418** F. 3d. **989–1002** (9th Cir. **2005**),  <u>Cutter v Wikinson</u>, **125** S. Ct. **2113**, at **2115, 2117, 2118**; **161** L. Ed. 2d. **1020 (2005)**, and  <u>Mayweathers v Newland</u>, **314** F. 3d. **1062**, at **1070** (9th Cir. **2002**).

[28.]  Nearly all **IDOC Wardens** were given "**requests**" from **Washitaw Muurs** for **Ismaili Islam** "**religion services**" and "indigenous ceremonial services;" and on every occasion **Plaintiffs' Class** has been denied in violation of the "**Establish Clause.**"  For over a period of ten (**10**) years, "**requests**" have been denied; and meanwhile, inmates of other religious groups have enjoyed the religious privileges that were denied **Washitaw Moslems**.  In fact, the **Plaintiffs' Class** were not permitted to "assembly" any where in any prison facility at any time for any reason.  Attendance for "religious services" by adherents of **Ismaili Islam** has never been approved.

[29.]  This infringement on the constitutional rights of **Plaintiffs' Class** has been "intentional" and purposeful.  See <u>Shango v Jurich</u>, **681** F. 2d. **1091** (7th Cir. **1982**).  **IDOC Supervisory Officials** and **Employees** "knowingly and willingly" participated in the "**deprivation.**"  See <u>McBride v. Soos</u>, **679** F. 2d. **1223** (7th Cir. **1982**) and  <u>Adams v Pate</u>, **445** F. 2d. **105** (7th Cir. **1971**).  Because **Supervisory Officials** deliberately failed to act to prevent the "**deprivation,**" their actions "**contributed to the misconduct of their subordinates.**"  Each have "**personal liability.**"  See <u>Wolf–Lillie v Sonquist</u>, **699** F. 2d. **864**, at **869** (7th Cir. **1983**),  <u>Smith v Rose</u>, **761** F. 2d. **360** (7th Cir. **1985**) and  <u>Rascon v Hardiman</u>, **803** F. 2d. **269** (7th Cir. **1986**).

[30.]  **Plaintiffs' Class** is a "discrete and insular minority" whose rights are deprived by the **State of Illinois** and through the **Illinois Department of Corrections.**  See  <u>Graham v Richardson</u>, **403** U.S. **365 (1971)** and  <u>Palmore v Sidoti</u>, **466** U.S. **429 (1984)**.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                                    CHICAGO EASTERN DIVISION

[31.] **Plaintiffs' Class** is not required to exhaust an administrative procedure before bringing suit in federal court under Title 42 U.S.C. §**1983**.   See <u>Monroe v Pape</u>, **365** U.S. **167 (1961)**. **Plaintiffs' Class** is denied the free excises of religion.   See <u>Battle v Anderson</u>, **376** F. Supp. **402**, at **427** (  ).   **Plaintiffs' Class** is denied ministerial visits.   See <u>Walker v Blackwell</u>, **411** F. 2d. **23**, (5th Cir. **1969**).   **Plaintiffs' Class** is denied "**religious Services:**"

| | |
|---|---|
| <u>Cooper v. Pate</u>, **378** U.S. **546 (1964)** **382** F. 2d. **518** (7th Cir. **1967**) | <u>Knuckels v Prasse</u>, **435** F.2d. **1255** (3rd Cir. **1970**) **403** U.S. **936 (1971)** |
| <u>Theriault v. Carlson</u> **339** F. Supp. **375** (ND Ga. **1972**) **495** F. 2d. **390** (5th Cir. **1974**) **419** U.S. **1003 (1974)** | <u>Cruz v Beto</u>, **405** U.S. **319 (1972)** <u>Mims v. Shapp</u>, **399** F. Supp. **818** (WD Pa. **1975**) **541** F. 2d **415** (3rd Cir. **1976**) |
| <u>Lipscom Bey v Peters III</u> Civil No. 92–55 (WDS IL **1993**) | <u>Johnson-Bey v Chrans</u> **863** F. 2d. **1308**, at **1311** (7th Cir. **1988**) |

[32.] After 1978, the Courts decided that state and local agencies could be held liable under **Section 1983** for what their employees do.   See <u>Monnell v Department of Social Services</u>, **436** U.S. **658 (1978)**.   In <u>Monnell</u>, the Court held that the municipality will be liable if the unconstitutional action taken by its employees were caused by a municipal "**policy**" or "**custom.**"   The Court went beyond <u>Monroe v. Pape</u> (**1961**) and ruled that local governments were <u>Not</u> immune from suit under Title **42**, **Section 1983** of the United States Code.

[33.] In <u>Monnell</u>, the Court enabled civil rights plaintiffs  to seek monetary recovery from state or local governments for constitutional violations, such as:  **1.)** The disregard for **Illinois State** statute or  statutes of the **United States**,  **2.)** The practice of **unlawful deprivations** and **constitutional violations**,  and  **3.)** The illegal "**establishment of religion.**"   Accordingly, **IDOC  Supervisory Officials** and **Employees** may be held liable for **deprivation of rights.** To the extent that the **deprivation of rights** is the practice of the **Illinois Department of Corrections** ["**IDOC**"], the Department should be held liable for damages and sued in its own name.   See <u>Webster v. City of Houston</u>, **735** F. 2d. **838** (5th Cir. **1984**); and <u>Owen v. City of Independence</u>, **445** U.S. **622 (1980)**.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

[34.]  In another 1985 decision, the Supreme Court ruled that a money judgment against a public officer "in his official capacity" imposes liability upon the "**employing agency**," regardless of whether or not the "**agency**" was named as a defendant in the suit.  See Brandon v. Holt, 105 S. Ct. 873 (1985).  The **Illinois Department of Corrections** may be held liable for civil rights violations on the basis of a single decision [as opposed to a "pattern of decisions"] made by an authorized **state policy**.  See Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).

[35.]  **Plaintiffs' Class** efforts to retain their "**nationality**" and "**religion**" are met with formidable resistance.  See Manning v Bolden, 25 Fed. App. 269, at 272 (6th Cir. 2001); Vandiver v. Martin, 48 Fed. App. 517, at 519 (6th Cir., 2002);  Toolasprashed v. Bureau of Prisons, 286 F. 3d. 576, at 585 (D.C. Cir. 2002); and THADDEUS-X v Blatter, 175 F. 3d. 379, at 396–398 (6th Cir. 1999).  The confiscation of "**religious**" and "**nationality**" documents is an unlawful act.  See United States v. Goodwin, 102 S. Ct. 2485, 73 L. Ed. 2d. 74, 457 U.S. 368 (1982).

# XI.    Argument

## A.    IDOC Culpritability

[36.]  Defendant **Illinois Department of Correction** ["**IDOC**"] is an agency/department of the **State of Illinois**; and therefore, the **IDOC**, its **Officers** and **Employees**, should be held liable for **Deprivation of Federally Protected Rights** [42 U.S.C. § 1983],  **Conspiracy to Deprive Persons of their Federally Protected Rights** [42 U.S.C. § 1985(3) and 42 U.S.C. § 1986].  See United States v Guest, 383 U.S. 745, 86 S. Ct. 1175, and 16 L. Ed. 2d. 239 (1966).

[37.]  Under Title 42 U.S.C. §1983, civil right laws are held to apply to "**state actions**" because the actions of departments stems from the **State's** "delegation of authority."  It is the **State** itself that creates the power of the "actor" [**IDOC Officers and Employees**] in the name of the department [**IDOC**];  and this fact  provides the remedy for redressing the  abuses of authority by departments/agencies and their employees.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

[38.] When a "religious forum" is not open to a particular religious group and inmates adherents, the absence of such forum constitute a denial of "exercise of religion." When there is hostility toward a particular "religion" and/or "nationality," inmates adherents may file suit to remedy the situation. The "equal protection of the laws" clause has been violated.

## B.    Discrimination Based On Nationality and Religion

[39.] Although liability under federal law is based primarily on Title 42 U.S.C. § 1983, entitled **Civil Action for Deprivation of Rights**, criminal charges may be brought under Title 18 U.S.C. §241, §242, §245, and §247 for **"Conspiracy to Deprive a person of Rights"** where "Liability for Deprivation" has been established for "Violations of Federally Protected Activities:"

| | |
|---|---|
| Title 42 U.S.C. §1981(c) | Protection against Impairment of Rights, Equal Rights under the Law; Discrimination against Plaintiff's: a) National Origin: an Indigenous/Indian National b) Religion: a Moslem of the Moorish Science Temple |
| Title 18 U.S.C. §247 | Failure to reasonably accommodate Plaintiff's "free exercise" a) Indigenous/Indian Status b) Religious belief and practices |
| Title 42 U.S.C. §1982; 18: §247 | Property Rights,  Damage to Religious Property |
| Title 42 U.S.C. §1983; 18: §242 | Criminal and  Civil Action for Deprivation of Rights |
| Title 42 U.S.C. §1985; 18: §241 | Conspiracy to Interfere with Federally Protected Rights |
| Title 42 U.S.C. §1986; 18: §245 | Civil Action for failure or neglect to Prevent a Deprivation |
| Title 42 U.S.C. §1987 | |
| Title 42 U.S.C. §1988(a) | Applicability of Statutory Law In conjunction with  28 U.S.C. § 1367(a),  an invocation of the Court's pendent or "supplemental" jurisdiction to hear claims arising under Michigan State statutes. |
| Title 42 U.S.C. §1988(b) | Appointment of Counsel and Attorney fees |

[40.] The **State of Illinois** and the **Illinois Department of Correction**, as well as **IDOC Officers** and **Supervisory Officers**, are each  to be held liable for the unconstitutional "**policy**" and subsequent "**practice**" of disregarding the **Constitution for the United States**: a "discrimination" against Plaintiffs' "**national origin**" / "**nationality**" and "**religion**" under Title 42 U.S.C. §1981(c), the direct and proximate cause of "**negligence**" suffered by  **Plaintiffs' Class.**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                              CHICAGO EASTERN DIVISION

**First Amendment:**
A.  1st Clause, shall make no law respecting an establishment of religion;
B.  2nd Clause, or prohibiting the free exercise thereof;
C.  5th Clause, or the right of the people peaceably to assemble;
D.  6th Clause, and to petition the Government for redress of grievance.

**Fourteenth Amendment, Section I:**
A.  3rd Clause, "nor shall any State deprive any person of . . . **property**, without due process;
B.  4th Clause, "nor deny to any person within its jurisdiction the **equal protection of the laws.**

## C.      Plaintiffs' Complaint Should Not Be Denied

[41.]  Plaintiffs' Complaint should not be denied because Plaintiffs' have properly invoked this Court's "**subject matter**" jurisdiction, under **42** U.S.C.A. § **2000cc**, and have requested that this Court exercise its "**supplemental jurisdiction**" granted under **28** U.S.C. § **1367** over state law claims brought under **Illinois State** Statutes.     Specific claims are alleged upon which relief may be granted against the **Illinois Department of Corrections** ["**IDOC**"] and its **Supervisory Officers** and **Employees**.     Federal courts, as in <u>Cruz v. Beto</u> [**405** U.S. **319 (1972)**], have enforced the constitutional rights of incarcerated "persons:"

> . . . We are not unmindful that prison officials must be accorded latitude
> in the administration of prison affairs, and that prisoners necessarily are
> subject to appropriate rules and regulations.   But persons in prison,  like
> other individuals, have the right to petition the Government for redress of
> grievances which, of course,  includes 'access of prisoners to the courts for
> the purpose of presenting their complaints [**405** U.S., at **321**].

## D.      Plaintiff's Request For Equitable Relief  Should Be Granted

[42.]  **Plaintiffs' Motions** for **Injunctive**  and   **Equitable Relief**  should   be   granted   because **Plaintiffs' Class**  is in compliance with Illinois and federal laws, as well as the Court's rules and procedure.   The grounds for granting **Plaintiffs' Motions** and Prayer for **Equitable Relief** are predicated on the fact that **Plaintiffs' Class** have been deprived of federally protected rights 1.)  "**free exercise of religion**," 2.) "**equal protection of the laws**" and 3.) "**establishment clause.**"

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                                    CHICAGO EASTERN DIVISION

## XII.        Request For Writ Of Mandamus

[43.]   **Plaintiffs' Class** prays that the Court enters an **ORDER** of Judgment against the Defendants for **Injunctive Relief** under **Fed. R. Civ. P. Rule 65(a)**, pursuant to **28 U.S.C. § 2281** and **42 U.S.C A. § 2000a–3**, requiring the **Illinois Department of Corrections** to accommodate **Plaintiffs' Class**, pursuant to **42 U.S.C. §1981(c);"** and requiring the **Illinois Department of Corrections** to consent to **"religious services"** for inmates who members of the **Washitaw Nation of Muurs;** and requiring United States District Court to compel the performance of **Supervisory Officers**, employed by the **Illinois Department of Corrections**, to act in accordance with **Illinois State** statutes and statutes of the **United States**, pursuant to **28 U.S.C. § 1361**.

## XIII.        Request For Writ Of Execution

[44.]   **Plaintiff's Class** has no adequate remedy at law to redress the wrongs herein alleged and which are ongoing, save that provided under Title **42 U.S.C. § 1983** and **Declaratory Relief** under **Fed. R. Civ. P. Rule 57**, pursuant to **28 U.S.C. §§ 2202–2202**.      **Plaintiffs' Class** has suffered, and continues to suffer, irreparable injury from Defendant's acts and omissions, under the misguided policies and practices of the **Illinois Department of Corrections**.

## XIV.        Request For Declaratory Judgment

[45.]   **Plaintiffs' Class** prays that the Court enters an **ORDER** of Judgment against the Defendants for **Actual/Compensatory Damages** in the amount of **$100,000.00** per Defendant, or in an amount sufficient to fully compensate the **Plaintiffs' Class** for injuries, damages and losses incurred at the expense of Plaintiffs' **"national origin"** / **"nationality"** and **"religion."**

[46.]   **Plaintiffs' Class** prays that the Court enters an **ORDER** of Judgment against the Defendants for **Punitive/Exemplary Damages** in the amount of **$100,000.00** per Defendant, or in an amount sufficient to adequately punish Defendants for their actions and omissions at the expense of Plaintiffs' **"national origin"** / **"nationality"** and **"religion."**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

[47.] **Plaintiffs' Class** prays that the Court enters an **ORDER** of Judgment against the Defendants for the cost of litigation and court fees, for legal counsel and attorneys fees, for indemnity bonds [subrogation/indemnification], and/or for any other relief the Court may deem appropriate, just and proper, pursuant to **42** U.S.C. §**1983** et seq. and **42** U.S.C.A. § **2000cc** et seq..

## XV.          Plaintiffs' Class Postscript

[48.] Retaliatory treatment has placed a substantial burden on **Plaintiffs' Class** and has severely jeopardize their ability to assert their claims in this **Class Action** against the **IDOC.**

**LOCAL WASHITAW MOORISH TEMPLE**
**LAWRENCE CORRECTION CENTER**          [139]
R.R. 2, Box 31      **Sumner**
[Illinois Republic, u.s.A. pz 62466-0000]

1.  **Sheik Aaron D. Pinkston El-Bey** C-15130

**LOCAL WASHITAW MOORISH TEMPLE**
**STATESVILLE CORRECTIONAL CENTER**      [151]
P.O. Box 112,      **Joliet**
[Illinois Republic, u.s.A. pz 60434-0112]

1.  **Sheik Rickey Robinson-El**      K-82958

**LOCAL WASHITAW MOORISH TEMPLE**
**HILL CORRECTIONAL CENTER**          [400]
P.O. Box 1700,      **Galesburg**
[Illinois Republic, u.s.A. pz 61401-0000]

1.  **Brother Orlando Knott-El**      R-47094

**LOCAL WASHITAW MOORISH TEMPLE**
**LAWRENCE CORRECTIONAL CENTER**        [139]
R.R. 2, Box 31      **Sumner**
[Illinois Republic, u.s.A. pz 62466]

2.  **Bro. Michael T. Swanson-El** B-50446

**LOCAL WASHITAW MOORISH TEMPLE**
**STATESVILLE CORRECTIONAL CENTER**      [151]
P.O. Box 112,      **Joliet**
[Illinois Republic, u.s.A. pz 60434]

2.  **Sheik Jason K. Taylor-EL** R-18654

**LOCAL WASHITAW MOORISH TEMPLE**
**MENARD CORRECTIONAL CENTER**          [146]
P.O. Box 711,      **Menard**
[Illinois Republic, u.s.A. pz 48846]

1.  **Brother Terril Williams-Bey** K-04030

**Ravanna Sanders-Bey**, Grand Sheik
Moorish Science Temple of America, Inc.
U.S.A. Post Office Box 21318
Chicago, Illinois Republic [60621 – 0318]

**Lisa Madigan**
Illinois Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62706 – 0000

**July 30, 2007**

S/ *Rickey Robinson-El*
Signature of Plaintiff
Appearing pro se: 28 U.S.C. § 1654(a)

**Rickey Robinson-EL # K-82958**
**STATESVILLE CORRECTIONAL CENTER**
**Rt 53, P.O. Box 112**
**Joliet, Illinois [60434-0112]**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

## XVI.   Appendix: Table Of Contents

Rickey Robinson–El, et al.  v  State of Illinois, et al.

### Complaint: A Class Action

I.   **Order Under Review: IDOC "Notice of Final Denial" Received By Default**

II.  **Exhibits in Support of Motion To Proceed In Forma Pauperis**

1. O
2. O
3. O
4. O
5. O
6. O

3. MSTA Adopted As the Religious Organization for the Washitaw Nation;
4. Illinois Tax Exemption for the Moorish Science Temple Of America, Inc.;
5. Trust EIN for the Moorish Science Temple Of America, Inc.;
6. Senate Acknowledgement of Washitaw Nation of Muurs as Indigenous/Indian;

III. **Certificate Of Service: Complaint. Mailed To All Parties Listed.**

C.C.  **Ravanna Sanders–Bey**, Grand Sheik
Moorish Science Temple of America, Inc.
C/o   Washitaw Nation of Muurs
At: U.S.A. Post Office Box 21318
Chicago, Illinois Republic [60621 – 0318]

LISA MADIGAN
Illinois Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62706 – 0000

July 30, 2007

/s/  *Rickey Robinson–El*
Signature of Plaintiff
Appearing pro se: 28 U.S.C. § 1654(a)

Rickey Robinson–EL  #K-82958
Statesville Correctional Center
Rt. 53, P.O. Box 112
Joliet, Illinois  [60434–0112]

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
CHICAGO EASTERN DIVISION

| | |
|---|---|
| **RICKEY ROBINSON-EL**, et al. | ) CASE NO. |
| Petitioners/Plaintiffs | ) |
| | ) |
| v | ) |
| | ) ASSIGNED JUDGE |
| **STATE OF ILLINOIS**, et al. | ) |
| **DEPARTMENT OF CORRECTIONS**, et al. | ) **CLASS ACITON** |
| Respondents/Defendants | ) |
| | ) DESIGNATED, MAGISTRATE JUDGE |
| | ) |

The Undersigned, Petitioner/Plaintiff, In Propria Persona [non–attorney], enters the Petition for Want of Jurisdiction
The Petitioner/Plaintiff: Indigenous, U.S. Non-Citizen, American National of the Washitaw Nation of Muurs

## Proof Of Service: [First Of Two Pages]
## Complaint: Class Action [Filed Monday, July 30, 2007 ?]

I, the undersigned, do hereby declare:  On **July 30th, 2007**, I served a true copy of the **Complaint**, by depositing said true copy in the United States mail, Certified Return Receipt, postage prepaid, to the persons named below [**Fed. R. Civ. P. Rule 4(d)(6)**].

I, **Rickey Robinson-El**, declare that I am the movant in the above entitled action; and that I, and Others like Myself, believe We are entitled to Relief.  Plaintiff states that the facts contained herein are true and correct under penalty of perjury, pursuant to International Law and to the laws for the United States of America [**28 C.F.R. §16.41(d)** and **28 U.S.C. §1746(1)**].

| | |
|---|---|
| **Lisa Madigan**<br>Illinois Attorney General<br>Office of the Attorney General<br>500 South Second Street<br>Springfield, Illinois 62706 – 0000 | **Roger E. Walker Jr.,** Director<br>Illinois Department of Corrections<br>1301 Concordia Court<br>Post Office Box 19277<br>Springfield, Illinois 62794 – 9277 |
| **Alberto Gonzales**, U.S. Attorney General<br>Office of the U.S. Attorney General<br>United States Department of Justice<br>10th and Constitution Avenue<br>Washington, D.C. 20530 – 0000 | **Rod Blagojevich**, Governor<br>Office of the Governor of Illinois<br>C/o Department of Corrections<br>207 Statehouse<br>Springfield, Illinois 62706 – 0000 |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS                    CHICAGO EASTERN DIVISION

## Proof Of Service  [Second Of Two Pages]

**George Adamson**, Chaplain
Illinois Department of Corrections
Statesville Correctional Center
Rt. 53, P. O. Box 112
Joliet, Illinois 60434 – 0112

**Charles Peterson**, Chaplain
Illinois Department of Corrections
Statesville Correctional Center
Rt. 53, P. O. Box 112
Joliet, Illinois 60434 – 0112

**Terry McCann**, Warden
Illinois Department of Corrections
Statesville Correctional Center
Rt. 53, P. O. Box 112
Joliet, Illinois 60434 – 0112

**Tim Love**, Chaplain
Illinois Department of Corrections
Lawrence Correctional Center
R. R. 2, Box 36
Sumner, Illinois 62466 – 0000

**Don Hulick**, Warden
Illinois Department of Corrections
Menard Correctional Center
711 Kaskaskia Street
Menard, Illinois 62259 – 0000

**Lee Ryker**, Warden
Illinois Department of Corrections
Lawrence Correctional Center
R. R. 2, Box 36
Sumner, Illinois 62466 – 0000

**Andy Ott**, Acting Warden
Illinois Department of Corrections
Graham Correctional Center
R. R. #1 Highway,  P. O. Box 499
Hillsboro, Illinois 62049 – 0000

**Eddie Jones**, Warden
Illinois Department of Corrections
Pontiac Correctional Center
700 West Lincoln Street, P.O. Box 99
Pontiac, Illinois  61764 – 0000

I, the undersigned, Plaintiff do hereby declare: That on **July 30th**, 2007, I served a true copy of the Amended Complaint by depositing said true copy in the United States mail, Certified Return Receipt, postage prepaid, to the persons named above **[Fed. R. Civ. P. Rule 4(d)(6)].**

## Executed On July 30, 2007.

**LISA MADIGAN**
Illinois Attorney General
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62706 – 0000

/s/   *Rickey Robinson-El*

Signature of Plaintiff
Appearing pro se: 28 U.S.C. § 1654(a)

**Rickey Robinson-EL #K-82958**
**Statesville Correctional Center**
**Rt. 53, P.O. Box 112**
**Joliet, Illinois [60434–0112]**

July 30, 2007

# EMPIRE WASHITAW de DUGDAMOUNDYAH

in re: "OUR AUTHORITY": PAGE 579*State of Illinois, Cook County
ss No. 10105905

Filed for Record

CORPORATION --- Religious --- Affidavit of Organization
Form No. 1099
STATE OF ILLINOIS
County of COOK

ss
1928 AUG. 1 PM 252
AND RECORDED IN

BOOK                    PAGE
I, NOBLE DREW ALI,............................Recorder
Salomes Jasconovskic

MOORISH SCIENCE TEMPLE OF AMERICA......................held

at.......Chicago.......in the County of COOK.......

and State of Illinois, on the.......20th.......day of

.......July.......A.D. 1928, for that purpose, the fol-

lowing persons were appointed.......SHIEKS........................

......................according to the rules and usages of such

MOORISH SCIENCE TEMPLE OF AMERICA
do solemnly swear that at the meeting of the members of the NOBLE
DREW ALI, MEALY EL, SMALL BEY, LOVETT BEY AND FOREMAN BEY. The
Moorish Science Temple of America deriving its power and
authority from the Great Koran of Mohammed to propogate the faith
and extend the learning and truth of the Great Prophet of ALI in
America. To appoint and consecrate missionaries of the prophet
and to establish the faith of Mohammed in America.

And said MOORISH SCIENCE TEMPLE OF AMERICA adopted as its
corporate name, the following MOORISH SCIENCE TEMPLE OF AMERICA..
And at said meeting, this affiant acted as Presiding officer
Subscribed and Sworn to Before me.

...............20th...............................day of
..........July....................A.D. 1928.......

Drew Ali........................
Roberta W. Counull
Notary Public

c/o P.O. Box 21318, Chicago, Washitaw Province, Via: u.s.A. postal zone 60621-0318
*    EMPERIAL HEADQUARTERS,WASHITAW PROPER    *



**Illinois Department of Revenue**
Office of Local Government Services
Sales Tax Exemption Section, 3-520
101 W. Jefferson Street
Springfield, Illinois 62702
217 782-8881

December 31, 2004

MOORISH SCIENCE TEMPLE OF AMERICA INC
REINCARNATE TMEPLE 1
USA PO BOX 21318
CHICAGO IL  60621-0318

We have received your recent letter; and based on the information you furnished, we believe

MOORISH SCIENCE TEMPLE OF AMERICA INC
of
CHICAGO, IL

is organized and operated exclusively for  religious  purposes.

Consequently, sales of any kind to this organization are exempt from the Retailers' Occupation Tax, the Service Occupation Tax (both state and local), the Use Tax, and the Service Use Tax in Illinois.

We have issued your organization the following tax exemption identification number: E9939-0647-01.  To claim the exemption, you must provide this number to your suppliers when purchasing tangible personal property for organizational use.  This exemption may not be used by individual members of the organization to make purchases for their individual use.

This exemption will expire on   January 1, 2010, unless you apply to the Illinois Department of Revenue for renewal at least three months prior to the expiration date.

Office of Local Government Services
Illinois Department of Revenue

STS-49 (R-2/98)
IL-492-3456
11-0000071

X

 **IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
HOLTSVILLE  NY   11742-9003

003712.148950.0015.001 1 MB 0.309 705

MOORISH SCIENCE TEMPLE OF AMERICA
% RAVANNA SANDERS-BEY
PO BOX 21318
CHICAGO  IL    60621

003712

Date of this notice:  08-12-2004

Employer Identification Number:
56-2473981

Form:  SS-4

Number of this notice:  CP 575 E

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you EIN 56-2473981.  This EIN will identify your business account, tax returns, and documents even if you have no employees.  Please keep this notice in your permanent records.

When filing tax documents, please use the label IRS provided.  If that isn't possible, you should use your EIN and complete name and address shown above on all federal tax forms, payments and related correspondence.  If this information isn't correct, please correct it using the tear off stub from this notice.  Return it to us so we can correct your account.  If you use any variation of your name or EIN, it may cause a delay in processing and may result in incorrect information in your account.  It also could cause you to be assigned more than one EIN.

If you want to apply to receive a ruling or a determination letter recognizing your organization as tax exempt, and have not already done so, you should file Form 1023/1024, Application for Recognition of Exemption, with the IRS Ohio Key District Office.  Publication 557, Tax Exempt Status for Your Organization, is available at most IRS offices and has details on how you can apply .

IMPORTANT REMINDERS:

* Keep a copy of this notice in your permanent records.

* Use this EIN and your name exactly as they appear above on all your federal tax forms.

* Refer to this EIN on your tax related correspondence and documents.

Thank you for your cooperation.

JOHN McCAIN
ARIZONA

CHAIRMAN
COMMITTEE ON INDIAN AFFAIRS
COMMITTEE ON ARMED SERVICES
COMMITTEE ON COMMERCE,
SCIENCE, AND TRANSPORTATION

# United States Senate

241 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-0303
(202) 224-2235

5353 NORTH 16TH STREET
SUITE 105
PHOENIX, AZ 85016
(602) 952-2410

4703 SOUTH LAKESHORE DRIVE
SUITE 1
TEMPE, AZ 85282
(480) 897-6289

407 WEST CONGRESS STREET
SUITE 103
TUCSON, AZ 85701
(520) 670-6334

TELEPHONE FOR HEARING IMPAIRED
(602) 952-0170

October 1, 2006

Ravanna Bey
Washitaw Nation of Muurs
USA Post Office Box 0318
Chicago, IL 60621-0318

Dear Ravanna:

I want to take this opportunity to thank you for your letter of September 14, 2006 regarding your situation.

Your situation is in the jurisdiction of the Bureau of Indian Affairs. Therefore, I have forwarded your letter to their attention.

Ravanna, I do hope your situation can be resolved favorably.

Sincerely,

John McCain
United States Senator

JM/xcs