# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6412 | **DATE** | January 4, 2008 |
| **CASE TITLE** | Rickey Robinson-El (#K-82958) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#7] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $16.55 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint and amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint (plus a judge's copy and service copies) in accordance with this order. Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

     The plaintiff, a state prisoner, has brought this *pro se* civil rights action purportedly pursuant to numerous statutes. The plaintiff claims that the defendants, the State of Illinois and myriad state officials, have conspired to violate the plaintiff's constitutional rights by discriminating against him and by refusing to accommodate his religious beliefs. More specifically, the plaintiff appears to allege, essentially, that the defendants have failed to recognize Washitaw Ismaili Moslems as practicing a religion separate and distinct from other Islamic faiths.

     The plaintiff has filed an application for leave to proceed *in forma pauperis* as directed. *See* Minute Order of November 20, 2007. The motion is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $16.55. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn

     mjm

### STATEMENT

Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit a second amended complaint, as the pleadings on file are deficient in multiple respects.

First, a Jason K. Taylor-El is listed as a co-plaintiff in both pleadings, but he has neither signed any court filings to date nor filed a motion for leave to proceed *in forma pauperis*. If Mr. Taylor-El does indeed wish to be a co-plaintiff, he must pay an additional $350 filing fee. In prisoner cases involving multiple plaintiffs, each prisoner is obligated to pay a full, separate statutory filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Mr. Taylor-El must also sign the second amended complaint if he intends to be a co-plaintiff. Anyone who has not either paid the filing fee or submitted an application for leave to proceed *in forma pauperis* should not be listed as a co-plaintiff.

Second, the twenty-six-page original complaint and twenty-eight-page amended complaint do not comply with the "short and plain statement" requirement of Fed. R. Civ. P. 8(a). The court notes that the plaintiff frequently refers to the State of Michigan in the pleadings on file; he appears to have copied his complaint form from another source. The court does not want or expect the plaintiff to write like a lawyer; attempting to write in "legalese" will only render his pleadings and motions incomprehensible. The plaintiff is strongly encouraged to use the court's amended civil rights complaint form, *see* Local Rule 81.1 (N.D. Ill.), to use plain English, and to use only the space provided in presenting his claims. Legal citations and legal arguments in support of the plaintiff's claims are neither necessary nor desirable at the pleading stage.

Finally, the second amended complaint should limit itself to the plaintiff's (or plaintiffs') claims against the Stateville Correctional Center. The court declines to entertain a class action at this time. Under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The burden is on the party seeking class certification to establish each of these elements. *See, e.g., Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). If each of the prerequisites of Rule 23(a) are met, the moving party also bears the burden of establishing one of the elements contained in Rule 23(b). *Id.; see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Failure to establish any one of the requirements precludes class certification. *Id.*

In the case at bar, the court questions, first and foremost, whether the plaintiff can establish the numerosity requirement. It seems doubtful that there are many members of the Indigenous Washitaw Nation of Muurs in the Illinois prison system; indeed, a review of Westlaw reveals no federal cases involving that group.

Another factor weighing against class certification is the adequacy of representation. The qualifications and experience of the person conducting the litigation is a consideration in class certification. *Secretary of Labor v.* **(CONTINUED)**

**STATEMENT**

*Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *see also Jackson v. National Action Financial Services, Inc.*, 227 F.R.D. 284, 289 n. 6 (N.D. Ill. 2005) (Castillo, J.); *Mendez v. M.R.S. Associates*, No. 03 C 6753, 2004 WL 1745779, at *5 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.)  Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class. *See, e.g., Pavone v. Aegis Lending Corp.,* No. 05 C 5129, 2006 WL 2536632, at *3 (N.D. Ill Aug. 31, 2006) (Aspen, J.).  Because a layperson does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant.  *See, e.g., Turner-EL v. Illinois Bd. of Educ.*, No. 93 C 4918, 1995 WL 506011, at *5 (N.D. Ill. Aug. 22, 1995) (Moran, J.)*; Lasley v. Godinez*, 833 F. Supp. 714, 715 n. 1 (N.D. Ill. 1993) (Aspen J.) (*pro se* prisoners could not adequately represent class of inmates).

Given the plaintiff's *pro se* status, the court concludes that it would be improper to certify a class in this case at this time.  If, as the case develops, it appears that the plaintiff's claims have a substantial factual basis demonstrating potential legal merit, the court will consider appointing counsel on the plaintiff's behalf.  Whether to seek certification of a class at that time would be a decision for appointed counsel.  For these reasons, the plaintiff's second amended complaint must limit itself to the named plaintiff's (or plaintiffs') religious issues at the Stateville Correctional Center.

For all of the foregoing reasons, the court dismisses the complaint and amended complaint without prejudice.  The plaintiff need only set forth, in brief detail, how his personal statutory and constitutional rights have been violated (or the two co-plaintiffs' rights have been violated, should Jason Taylor-El choose to join as co-plaintiff).  The plaintiff is granted thirty days in which to submit a second amended complaint on the court's required form.  The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent.  As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the second amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to prior versions of the complaint.  Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff no longer wishes to pursue his claims.