# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6412 | **DATE** | June 5, 2008 |
| **CASE TITLE** |  | Rickey Robinson-EL (K-82958) v. Charles Peterson, et al. | |

**DOCKET ENTRY TEXT:**

Minute Order correcting the statement in Minute Entry #[23]: Plaintiff is granted leave to file his fourth amended complaint [21]. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Clerk is directed to change the caption of this case to "Robinson-EL v. Peterson." Defendant Rod Blagojevich is dismissed from this action.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

Plaintiff Rickey Robinson-EL is granted leave to file his fourth amended complaint. Plaintiff alleges that he is compelled to attend religious services of non-indigenous Muslim groups because services for the Indigenous Washitaw Nation of Muurs are not provided at Stateville Correctional Center

Plaintiff will be allowed to proceed on his claims as to defendants Charles Peterson, George Adamson, Tammy Garcia, Ami Workman, Terry L. McCann, Jane Bularzik, Melody J. Ford, and Roger E. Walker, Jr.

However, Plaintiff will not be allowed to proceed against defendant Rod Blagojevich, the Governor of Illinois. Plaintiff does not assert that Governor Blagojevich was personally involved or associated with an unconstitutional policy or custom affecting Plaintiff. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir.2000) (supervisory officials may not be held liable for the unconstitutional conduct of their subordinates, unless the officials knew of and facilitated, approved, condoned, or turned a blind eye to the conduct). Defendant Rod Blagojevich is accordingly dismissed from this action.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by plaintiff, the Illinois Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.