MHN

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS          CHICAGO EASTERN DIVISION

| | |
|---|---|
| RICKEY ROBINSON-EL,<br>        Plaintiff<br><br>v.<br><br>MELODY J. FORD, et al.<br>ROGER E. WALKER JR, et al.<br>        Defendants | Case No.: 1:07-cv-06412<br><br>VIRGINIA M. KENDALL<br>ASSIGNED JUDGE |

FILED
AUG 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DECLARATION

I, Rickey Robinson-El, Plaintiff in the above Captioned Claim hereby declares:

1. That, on May 6, 2008, Administrative Review Board member Melody J. Ford committed a act of retaliation against myself when she deliberatly violated 20 Ill. Admin.Code 504.850.

2. That, I Rickey Robinson-El, received documented proof of Melody J. Ford's violation on July 1st, 2008.

3. That, I prepared a 2 page Notice of Melody J. Ford's violation to the I.D.O.C. Director "Roger E. Walker Jr." requesting relief. Whereby this Notice/ Request was mailed July 3rd, 2008. (herein attached)

4. That, when Roger E. Walker Jr did not respond within ten (10) days from the postmark of the Request, he established the fact that he DISHONORED the REQUEST, and construed as retailiation for grievant naming him as a defendant in the above captioned claim.

5. That, Roger E. Walker Jr. & Melody J. Ford's actions deprive plaintiff of his rights, and the liberty to receive priviledges that are offered to other inmates. Specifically to qualify for a work assignment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August __13__, 2008.

/s/ _Rickey Robinson-El_
Signature of Plaintiff
Appearing pro se: 28 U.S.C. 1654(a)

RICKEY ROBINSON-EL #K-82958
Stateville Correctional Center
Rt.53, P.O Box 112
Joliet, Illinois [60434-0112]

From: Brother Rickey Robinson-El  
#K82958, B-402  
Stateville Correctional Center

Date: July 3rd, 2008

To: Roger E. Walker Jr. - Director  
Illinois Department Of Corrections

RE: Administrative Review Board member Melody J. Ford - In violation of 20 Ill.Admin.Code 504.850(a).

Greetings!

On July 1st, 2008 I Rickey Robinson-El received my Grievance appeal back from Board member Melody J. Ford without review. Ms Melody J. Ford is in error to do so for the reason she stated. I present to you a final attempt to exhaust my Administrative Remedy requesting to have my appeal reviewed.

1. According to 20 Ill.Admin.Code 504.850(a). "If, <u>after receiving the response of the Chief Administrative Officer</u>, the offender still feels that the grievance has not been resolved to his satisfaction, <u>he may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.</u>"

2. Grievant received the Chief Administrative Officer's response on 3/5/08. (See attached Grievant's Response to Grievance Officer's Report.)

3. Grievant responded by appealing to the Director on 3/10/2008, well within 30 days after the Chief Administrative Officer's decision. (See attached Grievance Officer's Report)

4. The Administrative Review Board received Grievant's appeal and attachments on 3/14/08. (See attached appeal, attachments, and Melody J. Ford's correspondence with this date stamped RECEIVED.)

It is my request that you Roger E. Walker Jr. - the Director for the I.D.O.C. take Notice of Melody J. Ford's error and allow Grievant Rickey Robinson-El's appeal to be reviewed in accordance with 20 Ill.Admin.Code 504.850(a).

Respectfully,  
Brother Rickey Robinson-El  
C/O: #K82958 B-402 S.C.C.

From: Rickey Robinson-El  
Resident #K82958  
Stateville Correctional Center  
c/o: P.O. Box 112  
Joliet, Illinois Republic  
[60434-0112]

To: Roger E. Walker Jr. - Director  
Illinois Department of Corrections  
P.O. Box 19277  
Springfield, Illinois  
[62794-9277]

As I, Rickey Robinson-El wish to Exhaust my Private Administrative Remedy and dispose of this matter as soon as possible, by having your response to either deny or accept the above REQUEST, it is imperative that I have your

response within ten (10) days from the postmark of this REQUEST. Should you fail to respond you will have established the fact that you DISHONOR the REQUEST and construed as retaliation for grievant naming you and Melody J. Ford as Defendants in a ongoing Civil Suit, and therefore in Default upon your silence. Thank you for your prompt attention to this matter.

    Enclosed is a complete copy of my appeal and attachments:

1.) Melody J. Ford's correspondence dated 5/6/08
2.) Grievance Officer Report
3.) Grievance
4.) Written Statement (to Adjustment Committee)
5.) Investigative Report
6.) Disciplinary Report
7.) Adjustment Committee Summary Report
8.) Grievant's Response to Grievance Officer Report

CC: R.Robinson-El, Requestor
    R.E. Walker Jr, Director

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT, NOTICE TO AGENT IS NOTICE TO PRINCIPAL.**

    With explicit reservation of all Human, Indigenous and Other Rights; Without Prejudice and With Honour: UCC 1-207 & 1-103.6

_Rickey Robinson-El/©_ Secured Party Creditor
Resident #K82958
c/o: Post-Office Box 112
Joliet, Illinois Republic
[Via: u.s.A. postal zone 60434-0112]

Certificate and Asseveration: Status of signer is that of Indigenous People and is not a United States "resident" or "citizen". Therefore, the signer is an exempt foreign individual as noted in the instructions above. The signer is competent and have personal knowledge of the foregoing; therefore the signer states the foregoing to be **true and correct** to the best of his knowledge.

_Arron Livers_ 7/1/08 Witness.
_Nicholas Monk_ 7/1/08 Witness.

    I, Rickey Robinson-El, state that I served a copy of this Request/Notice to which this affidavit is attached upon IDOC Director Roger Walker by enclosing the same in a unsealed envelope in the hands of prison official designated for United States Mail at Stateville Correctional Center, Joliet, Illinois, on this 3rd day of July 2008.

    _Rickey Robinson-El/©_
    Rickey-Robinson-El, Without Recourse
    UCC 1-207 & 1-103.6

Page 2 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS

## Correctional Center
### Return of Grievance or Correspondence

Offender: **Robinson   Richey**   MI: ___   ID#: **K82958**
　　　　　　Last Name　　　　First Name

Facility: **STA**

☒ Grievance (Local Grievance # (if applicable)): _____ or ☐ Correspondence

Received: **3/14/08**　　Regarding: **OK 12/25/07**
　　　　　　Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable).
- ☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:　Administrative Review Board
　Office of Inmate Issues
　1301 Concordia Court
　Springfield, IL  62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to:　Illinois Prisoner Review Board
　319 E. Madison St., Suite A
　Springfield, IL  62706

**No further redress:**
- ☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ___/___/___.
　　　　　　　　　　　　　　　　　　　　　Date
- ☐ No justification provided for additional consideration.

Other (specify): **GO Alc 3/3/08**

Completed by: Melody J. Ford　　Signature: *Melody J. Ford*　　Date: **5/6/08**
　　　　　　　Print Name

Distribution: Offender; Inmate Issues　　　　　　　　　　　　　　　　　　　DOC 0070 (10/2001)

Grievant's Response to Grievance Officer's Report

Date Received: 3/ 05 / 2008

Response: What is not comprehended is that grievant's action (swinging back after being swung at) was executed because he had no other choice. Grievant was forced to secure himself when to inform the staff that another inmate plans to initiate a fight with him is not the kind of action that is desirable by either staff or fellow inmates, as that action labels one as a 'stool pigeon.' To be labeled as a stool pigeon would only increase grievant's possibility to sooner or later be assaulted. It is a fact that it was Abdul Robinson's agenda to have Rickey Robinson(grievant) removed from his assignment by any means necessary. That agenda was carried out December 25th 2007 and supported unconsciously by the adjustment committee and the grievance Officer as herein attached. Grievant simply wants to be able to hold another job assignment without having to wait two years! Please take notice to the last paragraph of grievant's grievance.

Rickey Robinson-El #K-82958          Rickey Robinson-El K82958          3/10/2008
Print Grievant's Name                Grievants Signature                Date of Response


RECEIVED

OFFICE OF
INMATE ISSUES

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

### Grievance Officer's Report

Date Received: March 3, 2008   Date of Review: March 3, 2008   Grievance # (optional): 0350

Committed Person: Rickey Robinson   ID#: K82958

Nature of Grievance: DR - 200800167/1 STA 12-25-07

Facts Reviewed: Grievant alleges the other inmate "Abdul" took a swing at him first and then he swung back and missed.

Counselor Response:

This Grievance Officer reviewed ticket and summary and finds ADJ COM finds grievant guilty of 601.301. Grievant admits to swinging back at other inmate which constitutes attempt fighting. Job assignments are an administrative decision. DR upheld. Sanctions are within maximum range.

Recommendation: Grievance denied.

Tammy Garcia
Print Grievance Officer's Name   Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 3-5-08   ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

W. McCann   3-15-08
Chief Administrative Officer's Signature   Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Rickey Robinson   K82958   3/10/2008
Committed Person's Signature   ID#   Date

RECEIVED

OFFICE OF INMATE ISSUES

Distribution: Master File; Committed Person   DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

Date: 1-29-08   Committed Person (Please Print): Rickey Robinson-El   ID#: K82958

Present Facility: Stateville C.C.   Facility where grievance issue occurred: Stateville C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] Other (specify):
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Disciplinary Report: 1/17/08   Stateville Correctional Center
  Date of Report                   Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
 Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
 Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
 Chief Administrative Officer, only if EMERGENCY grievance.
 Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Regarding the alleged offense, all of the facts were either undisclosed &/or ignored that ultimately lead to myself receiving a guilty verdict. For this cause I invoke the appeal process attempting to have pertinent information reviewed in hopes to have the infraction Expunged and able to have another assignment.
As cellhouse help, it is a fact that in the past I have had verbal misunderstandings with "ABDUL ROBINSON" & many others because I refused to do things for them that could jeopardize my job. As with this instance I took "ABDUL ROBINSON'S" threats as empty threats as I do all others. ABDUL ROBINSON has told me in the past →

Relief Requested: 1. That Disciplinary Report dated 1-17-08 be dismissed and expunged that I may be eligible to receive another work assignment.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   _/_/_
Committed Person's Signature   ID#   Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: _/_/_   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____
Print Counselor's Name   Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: _/_/_   Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

RECEIVED
FEB 15 2008
OFFICE OF INMATE ISSUES

_____   _/_/_
Chief Administrative Officer's Signature   Date

Distribution: Master File; Committed Person   Page 1   DOC 0046 (Eff. 10/2001)

several times that he was quote "going to jag my job off."

On December 25th 2008, at approximately 5:00 p.m. at Unit-B, I was finishing up my job when "ABDUL ROBINSON" took a swing at me and missed. While off balance and caught off guard my natural reaction as a means to defend myself, I swung back and missed. "C/O Smith" of the 3-11 movement team, quickly diffused the situation before it could be taken further by subdueing "ABDUL ROBINSON". Lt. Iyola, "C/O Smith" and several other officers were all present.

ABDUL ROBINSON was placed in segregation after the incident while I was placed in Investigation the following day. 1-3-08 I was interviewed by "Salvador Rodriguez" and told by him to write certain things on the interview sheet pertaining to our interview. Which lead to that interview having on record the sole statement that ABDUL swung at me and I swung back. (See IDR Dated 1-17-08 I do not have a copy to attach, but) (it can be found on or in my file.)

I received this Disciplinary Report in which I am appealing on 1/23/08. Today i.e. 1/29/08 I went before the adjustment committee and submitted a written statement as a means to deter from being misquoted. Though the statement was accepted it was not reviewed. Ms. Cleo Johnson on the Adjustment Committee simply says that even though I was not the aggressor or initiator, swinging at eachother with or without contact is a fight. (see attached copy of written statement)

I never intended to or wanted to engage "ABDUL ROBINSON" or anybody else for that matter. All available staff reports, interview sheets on file with the Stateville correctional center system & my written statement can & will substantiate that fact. It is completely unfair to allow inmate aggressor's to pick fights with whom they determine should loss their jobs, as well as a loop hole used to undermine the security & disrupt the order of the institution. With all of the above facts taken into consideration it is my sincere hope that this power be taken from vindictive aggressors by dismissing and Expunging the Disciplinary Report making me eligible to receive another assignment/Job.

— END OF Grievance —

Rickey Robinson - B/C ucc 1-207
without recourse   vc 1-103.6

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** ROBINSON, RICKY | **IDOC Number:** K82958 | **Race:** BLK |
| **Hearing Date/Time:** 1/29/2008  09:44 AM | **Living Unit:** STA-B-04-02 | **Orientation Status:** N/A |
| **Incident Number:** 200800167/1 - STA | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 12/25/2007 | 200800167/1-STA | RODRIQUEZ, SALVADOR | INTERNAL AFFAIRS | 04:45 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 601.Attempt/301 | Fighting | Guilty |
| | Comments: fighting inmate Robinson, Abdul | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

### RECORD OF PROCEEDINGS
Inmate present, hearing conducted. Inmate Robinson stated that he was working that day, and stated that a guy swung at him and he swung back.

### BASIS FOR DECISION
Inmate Robinson admitted to being involved in a physical altercation during the time of this incident. The reporting officer indicated in the report that as a result of an investigation it was determined that Inmates Robinson K82958 and Robinson K80822 were involved in a physical altercation. During said investigation both inmates Robinson K82958 and Robinson K80822 were interviewed and at which time both self admitted that they attempted to engage in a physical altercation by swinging their fists at each other. This altercation was brought on due to an ultimatum that was given to Ricky Robinson by Abdul Robinson regarding returning some property and Ricky Robinson spitting on him (Abdul) as stated in the report. This committee is satisfied with all finding of said investigation in that both inmates Robinson K82958 and Robinson K80822 did in fact attempt to violate the charge sited.

### DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Revoke GCC or SGT 1 Months | Revoke GCC or SGT 1 Months |

**Basis for Discipline:** nature of incident.

### Signatures
**Hearing Committee**

| | | Signature | Date | Race |
|---|---|---|---|---|
| JOHNSON, CLEO - Chair Person | | | 01/29/08 | BLK |
| DOCKERY, ANNA M | *No Signatures* | | 01/29/08 | WHI |

Recommended Action Approved

**Final Comments:** N/A

RECEIVED

OFFICE OF
INMATE ISSUES

Run Date: 3/3/2008 08:31:07               Page 1 of 2

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** ROBINSON, RICKY | **IDOC Number:** K82958 | **Race:** BLK |
| **Hearing Date/Time:** 1/29/2008  09:44 AM | **Living Unit:** STA-B-04-02 | **Orientation Status:** N/A |
| **Incident Number:** 200800167/1 - STA | **Status:** Final | |

*No signature*

TERRY L MCCANN / TLM  2/11/2008                           02/11/08
**Chief Administrative Officer**             **Signature**                **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

AVA MEIER                                       2/11/2008          10:05 AM
**Employee Serving Copy to Committed Person**        **When Served -- Date and Time**

RECEIVED
OFFICE OF INMATE ISSUES

Run Date: 3/3/2008 08:31:07                 Page 2 of 2

# WRITTEN STATEMENT (copy)

From: Rickey Robinson-El #K82958
Offenses: 601-attempt/conspiracy; 301-fighting

Date of Report: 1-17-08
Date: 1-23-08
To these charges: **NOT GUILTY**

## Statement of Facts

The Disciplinary Report states that I "RICKY" and "ABDUL" admitted that we attempted to engage in a physical altercation by swinging our fists at eachother. The Report also indicates that ABDUL initiated the fight. What is being constituted as a fight in this case are "No contact" swings!

## Argument

"Attempting to engage" is the language pertaining to the aggressor. i.e. only the aggressor can engage as the initiator. In my interview under investigation I made the sole statement that "after buffing & sweeping the floor, I was picking up the extension cord & buffing pad when I observed ABDUL take a swing at me. While off balance and dropping the cord & pad I swung back and missed." Taken off guard by a swing from ABDUL my natural reaction was a wild swing back as a attempt to defend myself. Officer "MR. Smith" on the 3-11 movement team quickly grabbed and wrestled with ABDUL to subdue him, while I humbly (on my own) stood against cell B-223. This show and prove that ABDUL was the aggressor attempting to engage me. Both **Lt. Iyola** & **C/O Smith** can and will support this statement.

## Conclusion

I have worked as cellhouse help in B-House since 2005, got along with staff and did my job and more to aid in the upkeep of the cellhouse. I hope to continue working and that the adjustment Committee's finding will be that of a **NOT GUILTY** verdict based on the above facts.

witnesses ⟶

RECEIVED
[illegible date stamp]
OFFICE OF
INMATE ISSUES

### Witnesses

1. "Lt. Iyola" (B-House 3-11 Lieutenant)
   Can testify: that I was doing my job when I was aggressed by ABDUL, and support that I was not the aggressor attempting to fight.

2. Correctional Officer "Smith" (3-11 movement team)
   Can testify: that he wrestled with ABDUL to subdue him from continuing his efforts to engage me. As well as that he witnessed me (on my own, without staff's assistance) stand humbly against cell B-223.

3. Inmate "GREEN" (housed at B-223)
   witnessed my non-aggression while I stood up against his cell until the situation was diffused.

# ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender Disciplinary Report

**Facility:** STATEVILLE C.C.  
**Date:** 1-17-08

**Type of Report:** ☒ Disciplinary  ☐ Investigative

**Offender Name:** Robinson, Ricky  
**ID #:** K82958

**Observation Date:** 12/25/07  
**Approximate Time:** 1645 ☒ p.m.  
**Location:** STATEVILLE C.C

**Offense(s): DR 504:** 601-attempt or conspiracy; 301-fighting

**Observation:** (NOTE: Each offense identified above must be substantiated.) As a result of an investigation that concluded on 01/17/08, it was determined that ROBINSON, RICKY attempted (601) to violate institutional rule 310-fighting.

Information was received that inmate ABDUL ROBINSON referred throughout this IDR as "ABDUL" was involved in a fight with another inmate identified as RICKY ROBINSON K82958 referred throughout this IDR as "RICKY". This incident occurred on 12/25/07 and the reports indicate that RICKY was "assaulted" by ABDUL. The Offender Tracking System also indicates ABDUL was placed in segregation and RICKY remained in the cell house after the incident. As a result of an investigation and interviews with inmates ABDUL and RICKY, who both self admitted, attempted to engage in a physical altercation by swinging their fists at eachother. This occurred when the institutional meal was being served and while the inmates housed on eight gallery were exiting the building. ABDUL initiated the fight due to an ultimatum that he gave RICKY about returning property in "24hours" and for also spitting on him as indicated in a report (DC434) submitted.

A copy of the interview sheets is on file with the Stateville Correctional Center Intelligence Unit. END OF REPORT.

**Witness(es):** _____

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

**Reporting Employee (Print Name):** S. Rodriguez  
**Badge #:** 6125  
**Signature:** [signature]  
**Date:** 1/17/08  
**Time:** 6:30 ☒ a.m. ☐ p.m.

### Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons: ___

**Printed Name and Badge #:** ___  
**Shift Supervisor's Signature** (For Transition Centers, Chief Administrative Officer): ___  
**Date:** ___

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment: ___

☐ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee  
☐ Minor Infraction, submitted to Program Unit

**Print Reviewing Officer's Name and Badge #:** ___  
**Reviewing Officer's Signature:** ___  
**Date:** ___

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

**Print Hearing Investigator's Name and Badge #:** ___  
**Hearing Investigator's Signature:** ___  
**Date:** ___

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign   ___  
**Offender's Signature**

**Serving Employee (Print Name):** ___   **Badge #:** ___   **Signature:** ___

**Date Served:** ___   **Time Served:** ___ ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

**RECEIVED**  
ID#  
MAR 14 2008  
OFFICE OF INMATE ISSUES

# Offender Disciplinary Report

Statesville C.C. Facility  Date: 12/26/07

**Type of Report:**
☐ Disciplinary  ☒ Investigative

Offender Name: Robinson, Ricky  ID #: K82958

Observation Date: 12/26/07  Approximate Time: 01:30 ☐ a.m. ☒ p.m.  Location: Statesville CC

**Offense(s): DR 504:** 610 Investigation / 301 Fighting

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and time inmate Robinson, Ricky K82958 is being placed in Investigation Status for possible physical involvement in a fight with another inmate in Unit-B on 12/25/07.

**Witness(es):**
☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

Investigator Salvador Rodriguez  6125  [signature]  12/26/07  01:45 ☐ a.m. ☒ p.m.
Reporting Employee (Print Name)  Badge #  Signature  Date  Time

## Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement  ☒ Investigative Status  Reasons: _____
L.D.M. Edwards CO #9744  [signature]  [date]
Printed Name and Badge #  Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)  Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer  Comment: Investigation Status
☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee.
☐ Minor Infraction, submitted to Program Unit
Major p.H. Lt 859  [signature]  12-27-07
Print Reviewing Officer's Name and Badge #  Reviewing Officer's Signature  Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):
A. J. Meier 2748  A. J. Meier  12-27-07
Print Hearing Investigator's Name and Badge #  Hearing Investigator's Signature  Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that the witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign  X Ricky Robinson R I ©  K82958
Offender's Signature  ID#

A. J. Meier  2748  [signature]
Serving Employee (Print Name)  Badge #  Signature

12-28-07  9:21 a ☒ a.m. ☐ p.m.
Date Served  Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____  _____
Offender's Signature  ID#

- - - - - (Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing) - - - - -

_____  _____  _____
Date of Disciplinary Report  Print offender's name  ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness  Witness badge or ID#  Assigned Cell (if applicable)  Title (if applicable)
Witness can testify to: _____

RECEIVED
MAR 04 2008
OFFICE OF
INMATE ISSUES

Print Name of witness  Witness badge or ID#  Assigned Cell (if applicable)  Title (if applicable)
Witness can testify to: _____

Distribution:  Page ___ of ___  Printed on Recycled Paper  DOC 0317 (Rev. 2/2007)