# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6412 | **DATE** | 9/16/2008 |
| **CASE TITLE** | Robinson-EL vs. Peterson, et al | | |

**DOCKET ENTRY TEXT**

Robinson-El's motion for appointment of counsel [40] is granted.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

    Rickey Robinson-El ("Robinson-El") brought a Complaint against the State of Illinois, Charles Peterson, George Adamson, Tammy Garcia, Ami Workman, Terry L. McCann, Jane Bularzik, Melody J. Ford, Roger E. Walker, Jr. and Governor Rod Blagojevich. Although his Complaint is somewhat unclear, it appears that Robinson-El alleges that he is a member of the Washitaw Nation of Muurs and that his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First and Fourteenth Amendments have been violated because prison officials have refused to make accommodations to allow him to practice his religion. *See*, *e.g.*, *Koger v. Bryan*, 523 F.3d 789 (7th Cir. 2008) (similar claims adjudicated under the RLUIPA, First and Fourteenth Amendments). On January 4, 2008, this Court granted Robinson-El's request to proceed *in forma pauperis* but required funds to be deducted from his prison account on a monthly basis. Robinson-El now petitions this Court to appoint counsel to aid him in pursuing his claims.

    The appointment of counsel is not automatic upon a showing of financial need. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (stating that civil litigants have no constitutional or statutory right to appointment of counsel). Instead, § 1915(e)(1) grants this Court the discretion to "request an attorney to represent any person unable to afford counsel" under appropriate circumstances. *See* 28 U.S.C. § 1915(e)(1). The Seventh Circuit set out a non-exhaustive list of factors for this Court to consider when exercising its discretion to appoint counsel for indigents: (1) the merits of the plaintiff's claims; (2) whether the plaintiff can investigate crucial facts; (3) whether trained counsel will better expose the truth; (4) the plaintiff's ability to present the case; and (5) the complexity of the relevant legal issues. *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981). These factors later were distilled into a single question, "given the complexity of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993) (noting that question provides an easier, alternative method but not discrediting the *Maclin* factors).

    First, this Court finds that Robinson-El is unable to pay an attorney to represent him as evidenced by this Court's grant of his original request to proceed *in forma pauperis* and this Court's related requirement that

**STATEMENT**

small amounts of money be withdrawn from his prison account on a monthly basis to slowly pay filing fees. Second, although the merit of Robinson-El's claims are unclear at this point, this Court finds that given the complexity of Robinson-El's case, he needs the assistance of counsel to properly prosecute it. Specifically, Robinson-El alleges complicated Constitutional claims that require analysis of complicated and abstract legal principles. An attorney is necessary to properly evaluate and articulate these claims. Accordingly, for the reasons stated above, this Court grants Robinson-El's motion for appointment of counsel.